IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JEFFREY O. PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:10-CV-046 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 14] will be denied, and plaintiff's motion for judgment on the pleadings [doc. 8] will be granted to the extent it seeks remand under sentence four of § 405(g).[1]

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.

*Procedural History*

Plaintiff was born in 1975 and applied for benefits in May 2008. He claims to be disabled by "lumbar degenerative disc disease, bulging disks, hips and legs, chronic low back and bilateral leg pain, dorsal spine pain, [and a] nervous condition." [Tr. 75, 133]. Plaintiff alleges a disability onset date of January 27, 2008. [Tr. 75]. His applications were denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on June 22, 2009.

In September 2009, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from the severe impairment of degenerative disc disease, a condition deemed not equal in the present case to any impairment listed by the Commissioner. [Tr. 11-12]. Finding plaintiff capable of performing the full range of light work, the ALJ applied "grid" rule 202.21 and ruled plaintiff ineligible for benefits. [Tr. 12, 15].

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. [Tr. 1]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g). He challenges the use of the grid in this case and further argues that the ALJ made "no meaningful analysis" of the opinions of his treating chiropractor.

II.

*Analysis*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A).[2]  Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id*.

---

[2] A claimant is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. 42 U.S.C. § 1382. "Disability," for SSI purposes, is defined the same as under § 423. 42 U.S.C. § 1382c(a)(3).

A. <u>Remand</u>

The strongest argument presented by plaintiff on appeal is that the ALJ disregarded the opinions of his treating chiropractor, Dr. David Perry. Included in Dr. Perry's records are a questionnaire and Estimated Functional Abilities Form submitted in May 2008 to plaintiff's long term disability insurance provider. Therein, Dr. Perry opined that plaintiff would be unable to work then or in the future based on several "moderate" diagnoses. [Tr. 521]. Dr. Perry further opined that plaintiff is capable of no more than two hours of sedentary work activity per day, and several restrictions in lifting, dexterity, and posturals are noted. [Tr. 523-24]. Plaintiff argues that the ALJ's ruling "makes no meaningful analysis of Dr. Perry's opinion, nor does he even recognize that Dr. Perry has given an opinion regarding the severity of [his] impairments . . . ."

The court initially notes that a chiropractor is not an "acceptable medical source" under the Commissioner's regulations and thus cannot provide evidence to establish *the existence of* a medically determinable impairment. *See* 20 C.F.R. § 404.1513(a), (d)(1). However, in the present case *the existence of* an impairment is not at issue. The ALJ plainly credited the diagnoses of neurosurgeon Dr. Gregory Corradino [Tr. 442-44] and consultative examiner Dr. Krish Purswani [Tr. 494-97] in concluding that plaintiff suffers from the severe impairment of degenerative disc disease. [Tr. 13-14]. These two physicians are "acceptable medical sources." *See* 20 C.F.R. § 404.1513(a)(1).

What is instead at issue in the present case is the severity of plaintiff's condition and its impact on his residual functional capacity. Evidence from "other sources" such as chiropractors "may" be used by the Commissioner "to show the severity of [a claimant's] impairment(s) and how it affects [his] ability to work." 20 C.F.R. § 404.1513(d)(1). The regulation's equivocal use of the word "may" is clarified by the Commissioner's Social Security Ruling 06-03p which explains, "Opinions from these medical sources who are not technically deemed 'acceptable medical sources,' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other evidence in the file." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (quoting SSR 06-03p, 2006WL 2329939, at *3 (Aug. 9, 2006)). "[T]he adjudicator generally should explain the weight given to opinions for these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Cruse*, 502 F.3d at 541 (quoting SSR 06-03p, 2006WL 2329939, at *6).

In his summary judgment briefing, the Commissioner assures this court that the ALJ did in fact "consider" Dr. Perry's opinion evidence. To support that assertion, the Commissioner directs the court's attention to the fifth page of the ALJ's written decision. Multiple reviews of that page, and of the ALJ's decision in its entirety, reveals the following "consideration" of Dr. Perry's records:

6

> . . . He receives his medical care from Dr. Perry. . . .
>
> . . .
>
> . . . The record shows that the claimant did receive ongoing chiropractic treatment . . . .

[Tr. 13]. Under no conceivable definition can the undersigned agree that the ALJ "considered" Dr. Perry's opinion evidence.

Plaintiff seeks disability and SSI benefits due to degenerative disc disease. The Commissioner agrees that plaintiff suffers from degenerative disc disease. Where the parties differ is in their views of the vocational impact of that condition. That disagreement gives Dr. Perry's opinion particular relevance.

"[T]here is a requirement to consider all relevant evidence in an individual's case record . . . ." SSR 06-03p, 2006WL 2329939, at *6. "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case." *Id.* at *5. These requirements were not met in the ALJ's ruling, which simply furnishes no insight whatsoever as to why he completely disregarded every restriction opined by the treating chiropractor relating to plaintiff's documented severe impairment.

"[A] fair trial in a fair tribunal is a basic requirement of due process. . . . [and] [t]his applies to administrative agencies which adjudicate as well as to courts." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (quotation and citation omitted). "[T]he ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the

administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment . . .." *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996).

The ALJ's breach of his duties under SSR 06-03p leaves this court unable to conduct a satisfactory review of this appeal. *See, e.g., McCoy v. Dir., Office of Worker's Comp., Dep't of Labor*, No. 88-3926, 1989 WL 128684, at *2 (6th Cir. Oct. 30, 1989). Again, the "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers*, 577 F.2d at 387. On the facts of the present case, the disregard of Dr. Perry's opinion is not indicative of "a full and fair hearing" and falls far short of the Commissioner's duty to the present claimant. This matter will accordingly be remanded for further evaluation consistent with the principles set forth in 20 C.F.R. § 404.1527 and SSR 06-03p.

B. Reversal

To the extent that plaintiff asks this court to award benefits rather than remanding his case, the request will be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability

is strong and evidence to the contrary is lacking." *Id*.

Multiple sources have opined that plaintiff is still able to work subject to enumerated restrictions. [Tr. 473-79, 494-507]. In addition, while he purports to be disabled by back pain, plaintiff told a treating source in August 2008 that he was "doing well" and that medication and chiropractic treatment keep his back pain "under control." [Tr. 513]. The court is therefore not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17 F.3d at 176. Accordingly, benefits cannot be awarded by this reviewing court at this time. *See id*.

III.

*Conclusion*

The final decision of the Commissioner will be reversed and remanded for reevaluation. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge